SALNER REALTY CORPORATION, Appellant, *v.* NANCY LEE MILLINERY, INC., and Others, Respondents.

First Department, October 31, 1941.

*Isidore Ehrlich*, for the appellant.

*Ralph W. Kerbs* of counsel [*Albert D. Kanrich* with him on the brief; *Margaret Fuller Karlin*, attorney], for the respondents.

TOWNLEY, J. Plaintiff has alleged two causes of action — one against the judgment debtor, Nancy Lee Millinery, Inc., and its officers Paulson and Tanenbaum, under section 15 of the Stock Corporation Law, to void certain transfers of property which rendered Nancy Lee Millinery, Inc., insolvent; the second for damages resulting from a conspiracy by seven defendants to

defraud plaintiff by transferring money and property of the judgment debtor in violation of article 10 of the Debtor and Creditor Law.

Plaintiff judgment creditor, the landlord of Nancy Lee Millinery, Inc., recovered a judgment for unpaid rent amounting to $3,509.04. The simple issue in the present case was whether the transfers admittedly made by the judgment debtor Nancy Lee Millinery, Inc., and its officers between October 1, 1939, and December 31, 1939, were made with intent to defraud the plaintiff and to prefer particular creditors.

Defendants Paulson and Tanenbaum, the only officers and stockholders of Nancy Lee Millinery, Inc., conduct a copartnership under the name of Paulson & Tanenbaum. They control five other corporations and a sixth one, the Janet Allen Hat Shop, Inc., which was formed to effectuate the fraudulent transfers herein litigated. It appears that the partnership kept the books and business transactions of some six different corporations without keeping separate books for each corporation. Bills of the Nancy Lee Millinery, Inc., were paid out of the partnership funds by partnership checks. It is a necessary inference that the receipts of the Nancy Lee Millinery Corporation were paid into the partnership bank accounts. There was a bank account kept in the name of Nancy Lee Millinery, Inc., but it seems to have been for purposes other than discharging the obligations of that corporation.

In July, 1939, Paulson and Tanenbaum asked for a reduction of the rental of the leased premises at 130 West Thirty-fourth street. When this reduction was refused, the individual defendants stated that the corporation would have to leave its premises. Certain photographs were then taken by the landlord to show the condition of the said premises in July, 1939. These pictures reveal a going retail business with all the fixtures necessary for the proper conduct of that business. The provisions of the lease required the defendant Nancy Lee Millinery, Inc., to furnish to the plaintiff a statement of its sales each and every month. These statements were furnished up to September 20, 1939. Thereafter there were defaults and no further statements were given. The tenant failed to pay the rent and on November 3, 1939, plaintiff informed Tanenbaum that it must be paid more promptly. Tanenbaum said that business was poor and asked the plaintiff to accept postdated checks. He denied a rumor which had come to the plaintiff that he was contemplating leasing a store a few doors away and abandoning plaintiff's store. It is established that a store two doors away was leased by Paulson and Tanenbaum, Inc., on November 4, 1939. The partnership of Paulson & Tanenbaum paid the first month's rent and deposited security

therefor. The tenant defaulted in the payment of rent due November twentieth and December twentieth and of water charges.

On November 24, 1939, Janet Allen Hat Shop, Inc., was organized but did not open its store for business until January 15, 1940. The bank account in its name was opened on December 1, 1939, which shows daily deposits for the month of December amounting to $6,821.10. Nancy Lee Millinery, Inc., was conducting business during the time that these daily deposits were being made. Nancy Lee Millinery, Inc., ceased to do business on January 2, 1940. During the period before Janet Allen Hat Shop, Inc., opened on January fourteenth and January second when the Nancy Lee Millinery, Inc., ceased to do business, only two small deposits were made by Janet Allen Hat Shop, Inc. The inference is inescapable that the receipts of Nancy Lee Millinery, Inc., were deposited in Janet Allen Hat Shop, Inc., account. After a final order was issued and possession was taken of the premises on execution, the condition of the store showed numerous missing fixtures. This was confirmed by photographs taken at that time which revealed in part what occurred between the taking of the first set of photographs and the condition of the premises after the final order was issued. What was left was levied on and sold for $100.

Section 10 of the Stock Corporation Law provides that "every stock corporation shall keep at its office correct books of account of all its business and transactions." For a violation of this provision, the law provides certain penalties and payment of all damages resulting therefrom. We have no doubt that plaintiff has been injured by the manner in which the defendants have kept their accounts. We also have no doubt that there was a deliberate conspiracy to transfer the receipts of Nancy Lee Millinery, Inc., to Janet Allen Hat Shop, Inc., and to render that corporation insolvent in other ways. It would be useless to set out further details of this manifest conspiracy to defraud the landlord.

Section 15 of the Stock Corporation Law provides that "no corporation which shall have refused to pay any of its notes or other obligations, when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash * * *." The record herein clearly establishes a violation of this section.

The judgment should be reversed, with costs, and judgment should be directed in favor of the plaintiff as prayed for in the complaint, with costs, and the counterclaims of Nancy Lee Millinery, Inc., should be dismissed on the merits.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed, with costs, and judgment directed in favor of the plaintiff as prayed for in the complaint, with costs, and the counterclaims of Nancy Lee Millinery, Inc., dismissed on the merits. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.